CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 23 2007
JOHN F. CORCORAN, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ROBERT A.M. POLES,**<br>**Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 7:07cv00096** |
| | ) | |
| **MIDDLE RIVER REGIONAL JAIL, et al.,**<br>**Defendants.** | ) | **By: Hon. Michael F. Urbanski**<br>**United States Magistrate Judge** |

**MEMORANDUM OPINION**

Plaintiff Robert A.M. Poles ("Poles"), a Virginia inmate proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Poles alleges that while incarcerated at the Middle River Regional Jail ("Jail") he was served a pork product on four occasions in violation of his First Amendment rights.[1]

This matter is now before the court on defendant's motion for summary judgment. The court notified Poles of defendant's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised him that his failure to reply to the defendant's motion may result in dismissal and/or summary judgment being granted for the defendant. As Poles has filed a response to defendant's motion and the time allotted for filing any further response has expired, this matter is ripe for disposition.[2]

---

[1] By Memorandum Opinion and Order entered March 22, 2007, the court dismissed Poles' claim against the Middle River Regional Jail as it is not a person subject to suit under 42 U.S.C § 1983. See Docket No. 9. Accordingly, Larry Dull is the only remaining defendant in this action.

[2] Concurrently with his second response to defendant's motion for summary judgment, Poles filed a letter which the court will construe as a motion for preliminary injunctive relief. Poles asserts that since filing the instant action he has been labeled a "troublemaker" by correctional officers at the Jail; he is being treated harshly as he is only given one hour a day to shower, groom himself, and make telephone calls; and he has been placed in a higher security pod in the Jail. See Docket No. 22. Accordingly, he asks that the court order his immediate transfer from the Jail to the Loudoun County Jail.

Upon review of the record, the court finds that Poles has not presented an issue of material fact. When considering the evidence in its entirety, and in the light most favorable to Poles, even assuming Poles was served pork products on four occasions over a period of three months, this fails to state a claim of constitutional magnitude. Further, there is no indication in the record that Poles has in fact been served pork products on three of the four occasions which he claims and there is no basis for liability on the remaining instance on which he asserts he was served a pork product. Accordingly, defendant's motion for summary judgment is granted, and Poles' complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**

Poles alleges that on October 5, 2006, during the intake/booking procedure at the Jail, he informed the intake correctional officer that he was a Muslim and, therefore, did not eat any pork products. Despite this, he asserts on four occasions he has been served pork products.

---

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly and only when the hardship balancing test tips in favor of the plaintiff. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1991); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley, 756 F.2d 1048, 1054-55 (4th Cir. 1985). In determining whether preliminary injunctive relief is warranted, the court should consider four factors: (1) whether the plaintiff will suffer irreparable harm if the relief is not granted; (2) the likelihood of harm to the defendant if relief is granted; (3) the likelihood that plaintiff will eventually succeed on the merits; and (4) whether public interest lies in granting relief. Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg., Co., 550 F.2d 189, 195 (4th Cir. 1977). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991). Similarly, if the likelihood of success on the merits is remote, preliminary relief should not be granted. Wetzel v. Edwards, 635 F.2d 283, 287 (4th Cir. 1980) (citing North Carolina State Port Authority v. Dart Containerline Co. Ltd., 592 F.2d 749, 750 (4th Cir. 1979)).

Poles has not alleged any facts which suggest he is likely to suffer any imminent, irreparable harm, and as found herein, the court concludes that Poles has failed to raise a claim of constitutional magnitude. Accordingly, Poles motion for preliminary injunctive relief is denied.

Specifically, he claims that on November 16, 2006, he was served a dinner tray which included "Italian Pork Sausage," on December 1, 2006, he was served a lunch tray which include "Pork Sausage," on December 14, 2006, he was served a dinner tray with two "Pork Cabasa (sic) Sausage," and on January 9, 2007, he was served a dinner tray which included "Pork Sausage."

Poles asserts that he made repeated requests to be served a pork alternative, but was still served pork products on the four occasions noted above. In support of his complaint, Poles attached the first inmate request form he filed on November 24, 2006, in which he requested to be served a pork-free diet. In a response issued November 28, 2006, Dull noted that Poles' pork preference was not noted on the intake/booking sheet. Likewise, in response to his second request for a pork-free diet, on December 7, 2006, Dull again noted that Poles had not requested a non-pork diet and Poles had signed a document during the booking process which also did not indicate he needed or desired a non-pork diet. In response to his third request for a pork-free diet, Dull simply noted that he had already spoken to Poles about this issue. Poles filed an appeal to this grievance, and in response generated on December 28, 2006, Poles was advised that the Jail does not serve any pork products.

**II.**

Defendant contends that Poles fails to state a claim on which relief can be granted because on the days he alleges to have been served pork products, no pork products were served. In support of his motion, defendant attached the affidavit of Hope Fitzgerald, the Food Service Manager at the Jail, as well as the menu log for food items served each day and what, if any, substitutions or exclusions to the regular food tray were needed for inmates receiving a special diet.

Case 7:07-cv-00096-mfu Document 24 Filed 07/23/07 Page 3 of 7 Pageid#: 88

Fitzgerald states that the Jail menu log provides the only accurate description of the meals served to inmates on any given day at the Jail, and after reviewing those logs she is confident that Poles was not served any meals containing pork products. Further, she asserts that as to Poles' claim he was served "Italian Pork Sausage" for dinner on November 16, 2006, the Jail has never served such a food item since its opening in April 2006.

The menu log details not only what food items were served to inmates, but also what tray substitutions were needed for inmates receiving special needs diets. The log specifically details the necessary substitutions for inmates who cannot or do not eat seafood, pork, or nuts and for inmates who are lactose intolerant or diabetic. The menu log establishes that on December 1, 2006 and January 9, 2007, no pork products were served at any of the daily meals. Similarly, although there may have been a pork product served at breakfast on December 14, 2007 inmates were served a turkey hotdog for dinner. There are no menu logs available for November 16, 2006.

## III.

Upon motion for summary judgment, the court must view the facts and the inferences to be drawn from those facts in the light most favorable to the party opposing the motion. Ross v. Communications Satellite Corp., 759 F.2d 355 (4th Cir. 1985). Nonetheless, the court need not treat the complainant's legal conclusions as true. See, e.g., Custer v. Sweeney, 89 F.3d 1156, 1163 (4th Cir. 1996) (court need not accept plaintiff's "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations") (internal quotations and citations omitted); Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994). Summary judgment is proper where there is no genuine issue

Case 7:07-cv-00096-mfu Document 24 Filed 07/23/07 Page 4 of 7 Pageid#: 89

as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986), see also Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (stating once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts.").

Although a prisoner retains his federal constitutional right to freedom of religion and prisoners must be afforded "reasonable" opportunity to practice their religion, Cruz v. Beto, 405 U.S. 319, 322 (1972), the prison need not provide a special diet and/or food substitute to an inmate if the inmate can meet his religious constrictions by simply choosing not to eat items which do not conform to his religious beliefs and still maintain a nutritionally adequate diet. Abernathy v. Cunningham, 393 F.2d 775, 778 (4th Cir. 1968). Poles has not produced any evidence which suggests that had he refrained from eating the pork product served on those four occasions noted above his diet would have been nutritionally inadequate. Accordingly, the defendant's failure to provide a special tray or pork substitute does not amount to a constitutional violation. See Cross v. Va. Beach Corr. Ctr., 865 F.2d 1257 (4th Cir. 1989) (finding that the negligent failure to provide a pork substitute or special diet when the inmate could maintain a nutritionally adequate diet by simply refraining from eating the pork product did not present a claim of constitutional magnitude); Frost v. Illes, 2005 WL 3981680, No. 8:04-0943-17B1, at * 5 (D.S.C. Mar. 23, 2005) (finding that Muslim detainee's First Amendment rights were not

violated by failing to serve him a substitute meal on days pork products were served), aff'd, 144 Fed.Appx. 362 (4th Cir. 2005), cert. denied, 126 S.Ct. 1367 (2006). Accordingly, the court concludes that the defendant is entitled to judgment as a matter of law and Poles' claim must be dismissed.

Moreover, the court notes the evidence clearly establishes that pork products were not served at the Jail on three of the four occasions on which Poles asserts he was served pork products.[3] Specifically, the menu log clearly establishes that none of the meals served on December 1, 2006 and January 9, 2007 contained pork. Likewise, the dinner entree provided on December 14, 2006 did not contain pork.

Additionally, even assuming Poles was served a pork product at lunch on the remaining date, November 16, 2006, and he actually did advise the intake correctional officer that he is a Muslim, he does not assert that on or before that date he had applied for or been approved to receive a pork-free diet. Further, the record establishes that prior to November 16, 2006, Dull had no notice that Poles desired a pork-free diet, and Poles also has not asserted that Dull was in any way responsible for the provision of a food substance containing pork on November 16, 2006. Accordingly, there is no basis on which to hold Dull liable. Abdullah v. O'Brien, 2007

[3]Poles challenges the authenticity of the menu log as it is a handwritten log and does not bear a "stamp of approval" or "certification," but he offers no affirmative evidence that this is not a true copy of the menu log. Fitzgerald avows that the copy of the menu log attached to her affidavit is a true, accurate, and authentic copy of the cover of the menu log and the log entries for the dates at issue in this matter and that she maintains these logs in the ordinary course of business. The authenticity of a document may be established by the testimony of a person of knowledge that the matter is what it is claimed to be. Fed. R. Evid. 901. Having reviewed Fitzgerald's affidavit as well as the menu log, the court finds no inconsistencies or discrepancies which cause the court to question the authenticity or accuracy of those documents. Accordingly, the court finds Poles challenge lacks merit.

WL 1472785, Civ. A. No. 7:07cv0040, at *5 (W.D. Va. May 21, 2007) (finding that the provision of bacon to an inmate known to practice the Islamic faith did not present a claim of constitutional magnitude as there was no evidence the inmate had been approved for or even applied for a non-pork diet nor that the named defendants were responsible for determining what food products were served).

**IV.**

For the reasons stated above, the court finds that Poles has failed to present any issue of material fact and that the defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is granted and Poles' complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff and to counsel of record for the defendants.

Entered this 22nd day of July, 2007.

Michael F. Urbanski
United States Magistrate Judge